IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRIAN LOCKETT,<br>  *Defendant*. | CRIMINAL No. ELH-19-0098 |

**MEMORANDUM**

In a Superseding Information filed on March 3, 2020 (ECF 24), defendant Brian Lockett was charged with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count One), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (Count Two).  Pursuant to a Plea Agreement (ECF 28), defendant entered a plea of guilty on March 4, 2020, to Counts One and Two of the Superseding Information.  ECF 24.  The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of 144 months (twelve years) of imprisonment for Count One and a concurrent term of 120 months (ten years) of imprisonment for Count Two.  ECF 28, ¶ 10.

At sentencing on October 29, 2020 (ECF 38), the Court sentenced defendant to 144 months of imprisonment as to Count One, and a concurrent term of 120 months of imprisonment as to Count Two, for a total term of 144 months.  ECF 39 (Judgment); ECF 40 (Statement of Reasons). Defendant received credit for time served in federal custody since May 24, 2018.  ECF 39.

Defendant, who is now self-represented, has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").  ECF 41 (the "Motion").  The government opposes the Motion.  ECF 46 ("Opposition").  According to the government, defendant is ineligible for relief pursuant to Amendment 821 "due to his career offender status . . . ." *Id.* at 4.  The government also claims

1

that, "even if he were eligible, this Court should still decline to exercise its discretion under the factors set forth in 18 U.S.C. § 3553(a)." *Id.* Defendant has not replied.

The Office of the Federal Public Defender has provided notice to the Court that it does not intend to supplement the Motion. ECF 43.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

### I.     Factual and Procedural History

Defendant entered a plea of guilty on March 4, 2002, to the offenses of possession with intent to distribute 100 grams or more of an analogue of fentanyl, 20 grams or more of fentanyl, and 100 grams or more of heroin (Count One); and possession of a stolen firearm (Count Two). ECF 28. Under Rule 11(c)(1)(C), the parties stipulated to a sentence of 144 months (twelve years) of imprisonment on Count One, and a concurrent term of 120 months (ten years) of imprisonment for Count Two. *Id.* ¶ 10.

The Plea Agreement (ECF 28) contains an agreed Statement of Facts. *Id.* at 10-11. The Statement of Facts established that on May 24, 2018, members of the Drug Enforcement Administration and the Baltimore City Police Department executed a search and seizure warrant at defendant's residence in Baltimore. *Id.* at 10.

At 8:05 a.m. on May 24, 2018, the law enforcement agents set up surveillance. Defendant was observed leaving the residence to move a car that was parked on the street and he then returned to the residence. Shortly after, another subject of the investigation was seen entering the residence. The agents then approached the residence "to knock and announce their entry to execute the warrant." Defendant and the other subject were "caught going out the rear door of the residence in an attempt to flee." *Id.*

The search led to the recovery of drug trafficking evidence and a firearm in defendant's basement bedroom. In particular, the agents found a Walther PPQ 9mm handgun, located under a mattress, along with a loaded magazine for the weapon, containing fifteen 9mm cartridges. *Id.* They also found three ziplock bags containing a total of approximately 1,353 gelcaps of suspected heroin; a brown bag containing multiple bags with a total of approximately 254 gelcaps of suspected heroin; a clear bag with twenty-five gelcaps of suspected heroin; two loose gelcaps of suspected heroin; and a bag with ten gelcaps of suspected heroin. *Id.* In sum, approximately 1,644 individual gelcaps of suspected CDS were recovered. *Id.* Laboratory testing by the Baltimore City Police revealed substances of acetylfentanyl, fentanyl, and heroin in various bundles of gelcaps. Smaller quantities of suspected cocaine were also recovered, along with bottles marked quinine. In and around the bottles were several bags of white or brown powdered substances believed to be CDS and CDS cutting agents. One bag was found to contain approximately 182.52 grams of a mixture containing detectible amounts of acetylfentanyl, fentanyl, and heroin. U.S. currency, a cell phone, and supplies used to package controlled substances for street level sale were also found. *Id.*

The parties stipulated that the substances possessed by defendant were not for personal use. Moreover, the packaging, quantity, and other circumstances indicated an intention to distribute to other persons. *Id.* And, defendant agreed he possessed the controlled substances with the intent to distribute them. *Id.*

The firearm was tested by ballistics experts of the Baltimore City Police Department, who found that it "was capable of expelling a projectile by action of an explosive and therefore met the definition of a firearm under federal law." *Id.* A NCIC database check found that the firearm was previously reported stolen. *Id.* The firearm and ammunition were manufactured outside the State

of Maryland and affected interstate commerce. *Id.* at 9-10. And, the defendant knew or had reason to know that the firearm was stolen. *Id.* at 10.

Defendant was 48 years of age at sentencing. ECF 31 (Presentence Report or "PSR"), at 2. Lockett had a base offense level of 30, based on drug quantity. *Id.* ¶ 18. Two points were added for the firearm, under U.S.S.G. § 2D1.1(b)(1). *Id.* ¶ 19. However, defendant was deemed a career offender. *Id.* ¶ 24; *see id.* ¶¶ 48. As a career offender, defendant's offense level was elevated to 37, under U.S.S.G. § 4B1.1. *Id.* After deductions for acceptance of responsibility under § 3E1.1 (*id.* ¶¶ 25, 26), defendant had a final offense level of 34. *Id.* ¶ 27.

The qualifying career offender predicates are identified in ¶¶ 45 and 46 of the PSR. In particular, in November 2004, defendant was convicted of possession with intent to distribute heroin. *Id.* ¶ 45. He received a sentence of ten years, most of which was suspended. *Id.* He later violated probation and was sentenced to two years. *Id.* And, in 2010, defendant was convicted of possession with intent to distribute CDS, for which he received a sentence of twenty years, with credit dating from December 20, 2008. *Id.* ¶ 46. He was paroled in April 2016, and has a parole expiration date of December 20, 2030. *Id.*

Defendant also had several prior adult convictions that did not score points. *See id.*, ¶¶ 31-44. Lockett had a subtotal of six criminal history points. *Id.* ¶ 47. But, because defendant was on parole when the underlying offense occurred, two points were added under U.S.S.G. § 4A1.1(d). *Id.* ¶ 46. This resulted in a score of eight points. This equates to a criminal history category of IV. *Id.* ¶ 47. However, because defendant was determined to be a career offender, his criminal history category was increased to VI, under U.S.S.G. § 4B1.1(b). *Id.* ¶ 48.

With an offense level of 34 and a criminal history category of VI, the advisory sentencing Guidelines called for a sentence ranging from 262 to 327 months of incarceration. *Id.* ¶ 101. The Court sentenced defendant to a total term of 144 months of imprisonment as to Count One and a

concurrent sentence of 120 months of imprisonment as to Count Two. ECF 39. That sentence corresponded to the C Plea. *See* ECF 28, ¶ 10.

Defendant is presently incarcerated at Danbury FCI (search by BOP Register Number 64573-037), https://www.bop.gov  He has a projected release date of September 23, 2028. *Id.*

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F. 4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *United*

5

*States v. Riley*, ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (providing that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range"). However, the court may only reduce such a sentence "after considering the factors set forth in section 3553(a) [of 18 U.S.C.] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

One such retroactive amendment is Amendment 821 to the Guidelines, which went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. Amendment 821 "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id*. It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal

6

history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment

7

[was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

### III.  Discussion

Defendant's entire submission consists of one sentence.  ECF 41.  He moves to reduce his sentence pursuant to Amendment 821, U.S.S.G. § 4A1.1(e), and 18 U.S.C. § 3582(c)(2).  The Court has liberally construed the submission as a motion under Amendment 821.

The government agrees that under Amendment 821 defendant's criminal history score is reduced "from a total of eight points to a total of seven (6) [sic] points." ECF 46 at 5. With only six criminal history points, defendant is not subject to any status points. *See* U.S.S.G. § 4A1.1(e). Six criminal history points equates to a criminal history category of III.

However, as the government states, "the presentence report determined that due to defendant's prior" convictions, he qualified as a career offender. *Id.*  That results in a criminal history category of VI, under U.S.S.G. § 4B1.1(b).  Of import, because of defendant's career offender status, Amendment 821 does not result in a change to the defendant's criminal history category.  As the government puts it, because defendant qualifies as a career offender, Amendment 821 has "no bearing" on his criminal history calculation.  *Id.* at 6; *see* U.S.S.G. § 1B1.10(b)(2)(A).

Even if defendant were not a career offender, his total offense level of 34, combined with a criminal history category of III, would result in a sentencing Guidelines range of 188 to 235 months.  *Id.*  The 144-month sentence that defendant received is 44 months below the bottom end of defendant's non-career offender Guidelines.  *Id.*

8

## IV. Conclusion

Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), for the reasons stated. And, under U.S.S.G. § 1B1.10(b)(2)(A), a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range." Therefore, I shall deny defendant's Motion (ECF 41).

An Order follows, consistent with this Memorandum.

Date:   August 15, 2025                                    /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge

9